UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BARBARA MENOCH<br><br>Plaintiff,<br><br>v.<br><br>ANDY BELLOWS individually, and in his official capacity; MATTHEW HENDRICKSON, individually and in his official capacity; CASANDRA JOHNSON, individually and her official capacity; Chief of Police, BRIAN LINDQUIST, individually and in his official capacity; CITY OF FARMINGTON<br><br>Defendants. | Civil File No.:<br><br>COMPLAINT AND JURY DEMAND |

TO:  The Defendants above-named and their respective attorneys. This is an action for damages brought pursuant to 42 U.S.C. §§1983, First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. The Plaintiffs also bring Minnesota common law claims.

## PARTIES

1. Barbara Menoch ("Plaintiff Menoch") is a 61-year-old resident of the City of Farmington, Minnesota.

2. Defendant City of Farmington ("Defendant City") is a municipality in the state of Minnesota.

3. Defendant Brian Lindquist ("Defendant Lindquist") is the Police Chief for the City of Farmington.

1

4. Andy Bellows ("Defendant Bellows") in June 17, 2011 was employed as a police officer with Defendant City.

5. Matthew Hendrickson ("Defendant Hendrickson") was employed as a police officer with Defendant City.

6. Casandra Johnson ("Defendant Johnson") was employed as a police officer with Defendant City.

## JURISDICTIONAL STATEMENT

7. The acts complained of all occurred in this judicial district. This is an action for damages brought pursuant to 42 U.S.C. §§1983, 1988, First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

8. Plaintiff Menoch also brings Minnesota common law claims. This Court has jurisdiction of the Federal questions subject to 28 U.S.C. §1331 and also supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

## GENERAL BACKGROUND

9. In June 17, 2011, Plaintiff Menoch was the victim of excessive force at the hands of Defendants Bellows, Hendrickson and Johnson.

10. Defendants kicked and struck Plaintiff numerous times.

11. Defendants never informed Plaintiff Menoch the reasons for visiting her home.

12. Defendants twisted Plaintiff Menoch arms causing serious injuries to her shoulder.

13. Defendants handcuffed Plaintiff Menoch's hands behind her, but threw her forcefully to the ground.

14. Defendants further twisted Plaintiff Menoch's arms to the point of tearing her rotator cuff.
15. Plaintiff has undergone surgeries to repair her shoulder as well as on going physical therapy.
16. As a result of Defendants' actions, Plaintiff underwent rotator cuff repair treatment.
17. As a direct and proximate result of Defendants actions, Plaintiff Menoch suffered the following injuries and damages:
    a. Violation of her constitutional rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution to be free from an unreasonable search and seizure of Plaintiff Menoch;
    b. Loss of Plaintiff Menoch's physical liberty;
    c. Loss of Plaintiff Menoch's quiet use of her property;
    d. Physical pain, injuries, suffering and emotional trauma, requiring expenditure of money for treatment.
18. The Defendants' actions violate the following clearly established and well-settled Federal Constitutional rights of Plaintiff Menoch:
    a. Freedom from the unreasonable seizure of Plaintiff Menoch's person;
    b. Freedom from the use of excessive, unreasonable and unjustified force against Plaintiff Menoch's person;
    c. Freedom from false arrest;
    d. Freedom from illegal imprisonment;

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983 Against Individual Defendants

19. Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth:

20. Plaintiff Menoch claims damages for her injuries set forth above under 42 U.S.C. § 1983 against Defendants Bellows, Hendrickson and Johnson for the violation of her constitutional rights under color of law.

21. As a result of the excessive force by Defendants Bellows, Hendrickson and Johnson, Plaintiff Menoch suffered damages aforesaid;

## SECOND CAUSE OF ACTION

### Assault and Battery Against Individual Defendants

22. Paragraphs 1 through 21 are incorporated herein by reference as though fully set forth.

23. Defendants Bellows, Hendrickson and Johnson assaulted and battered Plaintiff Menoch.

24. As a result of the assault and battery by Defendants Bellows, Hendrickson and Johnson, Plaintiff Menoch suffered damages aforesaid;

## THIRD CAUSE OF ACTION

### False Arrest and Illegal Imprisonment Against Individual Defendants

25. Paragraphs 1 through 24 are incorporated herein by reference as though fully set forth.

26. Defendants Bellows, Hendrickson and Johnson, illegally arrested and imprisoned Plaintiff Menoch.
27. As a result of the illegal arrest and illegal imprisonment, Plaintiff Menoch suffered damages as aforesaid.

## FOURTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress Against Individual Defendants

28. Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.
29. Defendants Bellows, Hendrickson and Johnson intentionally caused Plaintiff Menoch emotional distress by falsely arresting, illegally imprisoning, kicking, twisting her arm to the point of harming her shoulder and abusing her.
30. Defendants intentionally caused emotional distress upon Plaintiff Menoch by visiting her home uninvited and abusing her and causing her injuries.
31. As a result of the aforesaid acts of the Defendants, Plaintiff Menoch suffered damages as aforesaid.

## FIFTH CAUSE OF ACTION

### Negligence Against Defendant Lindquist and Defendant City

32. Paragraphs 1 through 32 are incorporated herein by reference as though fully set forth.
33. Defendants Lindquist and City owed a duty to Plaintiff Menoch to take reasonable care in hiring, supervising, training and retaining Defendants Bellows, Hendrickson and Johnson.
34. Defendants Lindquist and City breached their duty of hiring, retaining, and properly supervising and training Defendants Bellows, Hendrickson and Johnson.
35. Defendants Lindquist and City knew, or should have known of Defendant officers' history of committing unconstitutional misconduct, including assault, battery and unreasonable force and false arrest.
36. Because of said negligence of Defendants Lindquist and City, Plaintiff Menoch has suffered and continues to suffer damages, including, but not limited to emotional distress, pain and suffering. Menoch has also suffered pecuniary loss.

## SIXTH CAUSE OF ACTION
### 42 U.S.C. §1983 Against the City of FARMINGTON

37. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.
38. Prior to June 2011, the City of Farmington developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Farmington which caused the violation of Plaintiff Menoch's rights.
39. It was the policy and or custom of the City of Farmington to inadequately and improperly investigate citizens' complaints of

officers' misconduct. Acts of misconduct were instead tolerated by the City of Farmington, including, but not limited to the incident mentioned above.

40. It was the policy and or custom of the City of Farmington to inadequately supervise and train its officers, including Defendant officers above-named, thereby failing to adequately discourage further constitutional violation on the part of its officers. The City of Farmington does not require appropriate in-service training or re-training of officers who were known to have engaged in misconduct.

41. As a result of the above described policies and customs, officers of the City of Farmington, including Defendants Bellows, Hendrickson and Johnson believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

42. The above described policies and customs demonstrated a deliberate indifference on the part of the policy makers of the City of Farmington to the constitutional rights of persons within the City, and were the cause of the violation of Plaintiff Menoch's rights alleged herein.

## SEVENTH CAUSE OF ACTION
### Punitive Damages Against Individual Defendants

43. Paragraphs 1 through 43 are incorporated herein by reference as though fully set forth.

44. Plaintiff Menoch claims damages for her injuries set forth above under 42 U.S.C.§§1983 against Defendants Bellows, Hendrickson and Johnson. Their actions give rise to Punitive Damages.

45. Under the punitive damages law, Defendants Bellows, Hendrickson and Johnson are liable for their conduct against Plaintiff Menocoh. The conduct exhibited by the officers showed a reckless disregard or callous indifference to citizens' State and Federally protected rights.

46. As a direct and proximate result of Defendants Bellows, Hendrickson and Johnson's conduct, Plaintiff Menoch has suffered the following, including, but not limited to, physical injury, emotional distress, pain and suffering.

**WHEREFORE,** Plaintiff Menoch requests this Court:

A. That Defendants be jointly and severally liable to Plaintiff Menoch for damages in excess of Seventy Five Thousand Dollars ($75,000.00) as allowed by appropriate laws and statutes;

B. Award compensatory damages to Plaintiff Menoch against Defendants, jointly and severally in excess of Seventy Five Thousand Dollars ($75,000.00);

C. Award cost of this action to Plaintiff Menoch;

D. Award reasonable attorney's fees and cost to Plaintiff Menoch;

E. Award punitive damages to Plaintiff Menoch against Defendants Bellows, Hendrickson and Johnson;

F. Award such other and further relief, as this Court may deem appropriate.

Tuesday, November 22, 2011    **UDOIBOK, TUPA & HUSSEY, PLLP**

<u>/s/   Kenneth U. Udoibok</u>
Kenneth U. Udoibok #026252
The Grain Exchange Building
400 South Fourth Street, Suite 30
Minneapolis, MN 55415
612-808-6031 (voice & fax)
<u>Kudoibok@uthlaw.com</u>

**ATTORNEY FOR THE PLAINTIFF**